LUKE BOYLES *v.* COUNTY COURT OF BARBOUR COUNTY *et al.*

(No. 8314)

Submitted October 24, 1935. Decided December 10, 1935.

*Wm. T. George,* for petitioner.

*J. Blackburn Ware, R. E. O'Connor* and *Homer A. Holt,* Attorney General, for respondents.

*Sam Silverstein, amicus curiae.*

LITZ, PRESIDENT:

Relator, Luke Boyles, a citizen and taxpayer of Barbour County, seeks, on behalf of himself and all other citizens and taxpayers of the county, a writ of prohibition, inhibiting the county court thereof from conducting a county local option election pursuant to the Liquor Control Act (Article V, Chapter 4, Acts 1935), authorizing a county court to order a county local option election upon the petition of 25% of the qualified voters of the county.

On September 3, 1935, a petition, signed by 2766 allegedly qualified voters of the county and praying for a local option election therein, was filed with the county court. An order was entered October 17, 1935, overruling a motion of relator to strike from the petition the names of 371 signers, the post-office address of each of whom is described as Philippi, and directing the election to be held November 4th, following.

The grounds presented for the writ are (1) that the provisions in the Liquor Control Bill, enacted pursuant to the recent constitutional amendment (repealing prohibition), is violative of the amendment in that it authorizes the voters of a county or municipality to determine whether the sale or manufacture of liquor therein shall be legalized; (2) that the local option provisions are not within the title of the act; and (3) that the county court improperly overruled the motion of relator to strike from the petition the names of the 371 signers, the post-office address of each of whom the petition describes as Philippi, without designating the street or street number thereof.

First: The constitutional amendment, repealing prohibition, provides that "the legislature shall, by appropriate legislation regulate the manufacture and sale of intoxicating liquors within the limits of this state; and any law authorizing the sale of such liquors shall forbid and penalize the consumption, and the sale thereof for consumption, in a saloon or public place." Relator contends that the command of the people requiring the legislature to *regulate* the manufacture and sale of intoxicating liquors implies the further mandate compelling it to license the sale and manufacture of intoxicating liquors throughout the state, regardless of local public

sentiment. This interpretation of the amendment would attribute to the voters, in changing the constitution, the intention of withdrawing from the legislature its inherent authority to control liquor by prohibition or partial prohibition under local option regulation. A constitutional mandate, nullifying or restricting legislative power must be expressed or necessarily implied in the language adopted by the electorate. As stated in *State Road Commission* v. *County Court,* 112 W. Va. 98, 101, 163 S. E. 815, the general powers of the legislature are almost plenary. It may legislate on every subject not foreclosed by the state or federal constitution, and a constitutional negation of state legislative authority must be manifest beyond reasonable doubt. State constitutions are, unlike the federal charter of government, not grants of powers, but limitations on the general, inherent legislative powers of the states. So that while federal authority is defined by grants of power, fairly and reasonably construed, a state legislature may pass any acts not expressly, or by necessary implication, inhibited in the state or federal constitution. The constitutional limitation under discussion does not contain an express interdiction against legislative prohibition under local option regulation. Does its language compel an affirmative conclusion by implication? We think not. An intent on the part of the people, requiring the legislature to legalize the sale and manufacture of intoxicating liquors throughout the state, is certainly not manifest beyond reasonable doubt. The application of the rule of construction, stated, impels the conclusion that the amendment does not deprive the legislature of its inherent discretion to prohibit or authorize the sale or manufacture of intoxicating liquors, but merely requires that it shall, when legalizing the sale or manufacture of intoxicating liquors, enact appropriate legislation for the regulation thereof, including an inhibition against the consumption of intoxicating liquors, and sale thereof for consumption, in a saloon or other public place.

Second: It is argued that partial prohibition by local option regulation is not contemplated by the title of the Liquor Control Act, the pertinent provision of which is as follows: "An act * * * providing for state control of alco-

holic liquors, * * *.'' The theory of this contention is that the word ''control'' is synonymous with regulation, and that the authority to regulate the sale or manufacture of intoxicating liquors does not include the power to prohibit nor partially prohibit, by a local option system, the sale and manufacture thereof. The word ''control'' is very comprehensive, meaning to regulate, restrain, dominate or subdue. As partial prohibition, by local option regulation, is fairly deducible from the title of the act, we conclude that the local option provision of the statute is not invalid within the meaning of section 30, Article VI of the Constitution, providing that no act shall embrace more than one object which shall be expressed in the title thereof.

Third: The action of the county court in refusing to strike from the petition the names of 371 signers because the street or street number of their post-office address, designated as Philippi, was not stated would not justify the issuance of the writ of prohibition inhibiting the county court from holding the proposed election. The court refused to strike these names because the population of the city was only about two thousand and many of the 371 signers lived outside the corporate limits. The relator did not claim that the petitioners, in question, could not be identified without more specific address nor that any of them were not qualified voters.

A brief has been filed amico curiae attacking the provisions of the act which creates a state monopoly, through the State Liquor Control Commission, for the sale and manufacture of intoxicating liquors, as violative of the recent amendment and section 6, Article X of the Constitution, providing that ''The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; nor shall the State ever hereafter become a joint owner, or stockholder in any company or association in this State or elsewhere, formed for any purpose whatever.'' As this feature of the statute is not directly involved in this proceeding, we express no opinion concerning its validity.

We, therefore, deny the writ of prohibition.

*Writ denied.*